**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| EHMEIDA M. MASHNI, | |
| Petitioner, | Civil No. 05-3624 (DRD) |
| v. | |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

**APPEARANCES:**

> EHMEIDA M. MASHNI, Petitioner pro se
> #105586
> Middlesex County Adult Correction Center
> P.O. Box 266
> New Brunswick, New Jersey 08903

**DEBEVOISE, District Judge**

This matter is before the Court on the petition of Ehmeida M. Mashni ("Mashni") for habeas corpus relief under 28 U.S.C. § 2241.[1] Mashni challenges his federal court conviction and contends that his detention pending removal from the United

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

States is an illegal restraint of his liberty since it is based on an "illegal judgment imposed August 4, 2004." (Petition at pg. 3). Petitioner also filed a motion for this Court to take judicial notice of a fraudulent bill of enactment. The motion was filed on December 27, 2005, and was made returnable on January 23, 2006, to be decided on the papers pursuant to Fed.R.Civ.P. 78.

For the reasons set forth below, this Court will transfer this action, with the pending motion, in the interest of justice, to the Eastern District of Wisconsin (Milwaukee) because this Court lacks jurisdiction to consider this petition, which may be properly construed as a writ of error coram nobis or as a time-barred motion under § 2255 challenging the validity of petitioner's 2004 federal court conviction.

## I.   BACKGROUND

The following background facts are taken from the petition and attachments, and are accepted as true for purposes of this Opinion and accompanying Order.

On April 12, 2004, Mashni entered a plea of guilty to two counts of trafficking in counterfeit goods, in the United States District Court for the Eastern District of Wisconsin (Milwaukee). He was sentenced on July 15, 2004, to a prison term of one year and one day, and 3 years supervised release. A Judgment of Conviction and Sentence was entered on August 4, 2004. Mashni

did not appeal his conviction or sentence. Mashni also admits that he did not file a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255.

Upon his release from prison, Mashni was taken into custody by the United States Department of Homeland Security, Citizen and Immigration Services, pending his removal from the United States to Palestine. He is presently detained at the Middlesex County Adult Correction Center ("MCACC") in New Brunswick, New Jersey awaiting his removal. Mashni states that he is subject to an immediate deportation order to Palestine.

Mashni challenges his conviction on the following grounds: (1) that the "court's failure to properly admonish defendant regarding the locus delecti of the crimes charged beyond a reasonable doubt acted as a not guilty verdict for petitioner, rendering his judgment and conviction void as a matter of law"; (2) that his judgment of conviction is void *ab initio* because Public Law 80-772, on which 18 U.S.C. §§ 2 and 3231 are based, was unconstitutionally enacted; (3) that his indictment is fatally defective because it failed to plead with specificity the alleged crimes committed in violation of 18 U.S.C. § 2; and (4) that his attorney was ineffective in violation of the Sixth Amendment for failure to request discovery, failure to challenge open-ended indictment, and for failure to research and investigate the court's jurisdiction over him. (Petition, at pg.

9). Mashni also claims that he is actually innocent of the crimes for which he was convicted.

## II.   ANALYSIS

A.   Sua Sponte Dismissal

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   "In custody" Issue

It would appear that Mashni seeks to avoid deportation by challenging the federal felony conviction on which his removal is based. Mashni is admittedly in the custody of the United States

4

Citizen and Immigration Service ("U.S.C.I.S.") pending his removal from the United States.  This raises the question as to whether Mashni is "in custody" under the conviction that he challenges by way of this petition.

Federal courts have jurisdiction to entertain an application for habeas relief only if a petitioner is "in custody," pursuant to the challenged judgment, in violation of the Constitution or laws or treaties of the United States.[2]  Maleng v. Cook, 490 U.S. 488, 490-91 (1989); Obado v. New Jersey, 328 F.3d 716, 717 (2003); 28 U.S.C. § 2241(c).  But Supreme Court decisions have made it clear that habeas corpus "is not now and never has been a static, narrow, formalistic remedy; its scope has grown to achieve its grand purpose-- the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty."  Jones v. Cunningham, 371 U.S. 236, 243 (1963). See, e.g., Hensley v. Municipal Court, 411 U.S. 345 (1973) (release of petitioner on own recognizance constitutes custody within meaning of habeas corpus statute); Hammond v. Lenfest, 398 F.2d 705, 711 (2d Cir. 1968) (inactive naval reservist who had been called to active duty but not yet reported for service was "in custody" within meaning of federal habeas statute,

---

[2] In making a custody determination, a court looks to the date that the habeas petition was filed.  See Carafas v. LaVallee, 391 U.S. 234, 238-40 (1968); Chong v. District Director, I.N.S., 264 F3d 378, 382-83 (2001).

notwithstanding the absence of any criminal conviction).  Thus, the "in custody" requirement is satisfied where an individual is subject to "significant restraints on liberty ... which were not shared by the public generally," along with "some type of continuing governmental supervision," even if the individual is not subject to actual physical restraint.  See Obado, 328 F.3d at 717 (citations omitted).

Where a petitioner is no longer in custody for purposes of § 2255, but is suffering continuing consequences of his federal court conviction, he may use a writ of error coram nobis to attack an allegedly invalid conviction.  See United States v. Morgan, 346 U.S. 502, 505 n.4 (1953); United States v. Baptiste, 223 F.3d 188, 189 (3d Cir. 2000).  A writ of error coram nobis is properly brought before the court that imposed the challenged criminal judgment.  See Hauptmann v. Wilentz, 570 F. Supp. 351, 401 (D.N.J. 1983), aff'd, 770 F.2d 1070 (3d Cir. 1985), cert. denied, 474 U.S. 1103 (1986).

The writ of error coram nobis allows a court to vacate its judgments "for errors of fact ... in those cases where the errors [are] of the most fundamental character, that is, such as rendered the proceeding itself invalid."  United States v. Mayer, 235 U.S. 55, 69 (1914).  It is an extraordinary remedy and a court's ability to grant relief is of correspondingly limited scope.  United States v. Baptiste, 223 F.3d at 189; United States

6

v. Stoneman, 870 F.2d 102, 106 (3d Cir.), cert. denied, 493 U.S. 891 (1989).  Indeed, the standard for issuance of the writ of error coram nobis is more stringent than the standard applicable to a direct appeal or a habeas petition brought pursuant to 28 U.S.C. § 2255.  Stoneman, 870 F.2d at 106.  Earlier proceedings are presumed to be correct and the petitioner bears the burden to show otherwise.  Stoneman, 870 F.2d at 106; United States v. Osser, 864 F.2d 1056, 1059 (3d Cir. 1988); United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963).  The Supreme Court has held that this remedy should be allowed "only under circumstances compelling such action to achieve justice."  Morgan, 346 U.S. at 511.

In summary, to demonstrate entitlement to issuance of the writ of error coram nobis, a petitioner must establish (1) continuing consequences of the conviction, (2) a fundamental error rendering the trial itself invalid, and (3) sound reasons for failing to seek relief earlier.

Certainly, in this case, alleging the issuance of a final order of deportation based upon his federal court conviction, Mashni has adequately asserted continuing consequences flowing from that conviction.  Mashni has failed, however, to allege any reasons for failing to seek relief earlier by way of direct appeal or by motion under § 2255.  On this ground alone, the petition may be denied.  Cf. United States v. Osser, 864 F.2d at

7

1060-62 (sustaining denial of the writ where petitioner had failed, without justification, to raise the issue at trial or on appeal and where the remedy would be a new trial after 15-year lapse, with the resultant inherent difficulties).  However, as noted above, a writ of error coram nobis is properly brought before the court of conviction, which in this instance is the United States District Court for the Eastern District of Wisconsin (Milwaukee).  Therefore, this Court is without jurisdiction to review the petition, and the matter should be transferred to the appropriate court of jurisdiction for review.

Alternatively, it may be construed that Mashni is still in custody under the conviction challenged even though he is being detained by the U.S.C.I.S.  As a technical matter, while Mashni has completed service of his one-year and one-day prison sentence, he is still subject to his three-year term of supervised release as sentenced.  Under the express terms of his supervised release, Mashni was released by the Bureau of Prisons ("BOP") to the custody of the U.S.C.I.S. for his anticipated deportation.  Thus, it would seem that Mashni's sentence has not actually expired, and he could be deemed "in custody" for purposes of challenging his federal conviction.  Accordingly, Mashni's proper avenue of relief would be by a motion under § 2255.  For the reasons stated below, this Court likewise would not have jurisdiction to review such a motion under § 2255.

B.   Mashni's Proper Avenue of Relief

Mashni characterizes his petition as a habeas action under § 2241.  He contends that he is entitled to habeas relief under § 2241, rather than under § 2255, because relief under § 2255 is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir.), cert. denied, 537 U.S. 1038 (2002); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his

9

conviction for a crime that an intervening change in substantive law may negate." 119 F.3d at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the

10

preponderance of evidence standard). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon Booker,[3] which is an extension of Apprendi. See Smith v. Nash, 145 Fed. Appx. 727, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.), cert. denied, 126 S.Ct. (U.S. Oct. 31, 2005). In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[4]

Here, Mashni has admitted that he neither filed a direct appeal nor a § 2255 motion challenging his conviction on the grounds now asserted. Moreover, it would appear that a § 2255 motion would be time-barred if filed now with respect to this case. However, as noted above, Mashni's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this petition.

Therefore, this Court finds that Mashni's petition does not fall within the extremely narrow exception noted in Dorsainvil.

---

[3] United States v. Booker, 543 U.S. 220 (2005).

[4] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

The mere fact that relief under § 2255 is procedurally barred is not alone sufficient to make § 2241 an available remedy. Dorsainvil, 119 F.3d at 251. The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. Indeed, the Third Circuit has expressly stated that a prisoner's inability or failure to meet the gatekeeping requirements of AEDPA does not render § 2255 "inadequate or ineffective." See Cradle, 290 F.3d at 538-39; Dorsainvil, 119 F.3d at 251.

To circumvent the gatekeeping requirements, however, Mashni attempts to allege exceptional circumstances, as contemplated in Dorsainvil, which would render relief pursuant to § 2255 inadequate or ineffective so as to proceed under § 2241. Most significantly, Mashni asserts that his conviction is invalid because he is actually innocent of the charges against him. However, Mashni actually pled guilty to two charges in a plea agreement on a four-count indictment.

A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.[5] A petitioner

---

[5] Before AEDPA, the Supreme Court held that a petitioner otherwise barred from filing a successive § 2255 motion "may have his federal constitutional claim considered on the merits if he makes a proper showing of actual innocence." Herrera v. Collins, 506 U.S. 390, 404 (1993). This rule, the fundamental miscarriage of justice exception, is only granted in extraordinary situations, such as where it is shown that the constitutional violations probably resulted in the conviction of one who is actually innocent. Id.; McClesky v. Zant, 499 U.S. 467, 494

must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim. In other words, Mashni must show that he did not commit the crime as charged, not simply that some error in procedure occurred. See Hull v. Freeman, 991 F.2d 86, 91 n.3 (3d Cir. 1993); see also Bousley v. United States, 523 U.S. 614, 624 (1998)("actual innocence" must be "factual innocence", as opposed to procedural insufficiency). A claim of actual innocence requires a petitioner to show (1) "new reliable evidence ... not presented at trial" establishing (2) "that it is more likely than not that no reasonable juror would have convicted [the petitioner] in the light of the new evidence." Wyldes v. Hundley, 69 F.3d 247, 253-54 (8th Cir. 1995), cert. denied, 517 U.S. 1172 (1996). Moreover, an "actual innocence" claim does not apply to those whose guilt is conceded or plain. Schlup v. Delo, 513 U.S. 298, 321 (1995). Here, as mentioned earlier, Mashni actually pled guilty to the offenses charged; therefore, the actual innocence exception is not available to him to proceed under § 2241.

---

(1991). The "claim of actual innocence is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Herrera, 506 U.S. at 404.

13

Finally, Mashni's other claims relating to the constitutionality of the statutes on which he was convicted, and the lack of specificity in charges in the indictment, are not "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255, ¶ 8(1). Nothing precluded Mashni from raising any of these claims, including the claim of actual innocence, on appeal or in a timely § 2255. Mashni does not cite to an intervening change in the law or other extraordinary circumstances to show that he may actually be innocent of the crimes for which he was convicted by his own guilty plea. Therefore, Mashni cannot proceed via § 2241 and his petition should be dismissed for want of jurisdiction.[6]

---

[6] Although this Court is reclassifying this petition as a § 2255 motion, no Miller notice is necessary to afford Mashni an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 motion. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file successive § 2255 motions without certification by the Court of Appeals. Because Mashni's petition appears to have been presented to this Court beyond the 1-year limitation period, no purpose would be served by serving a Miller notice to Mashni since he would not have any time remaining in the limitations period to file a new, all-inclusive motion. However, whether Mashni's petition may be subject to equitable tolling is an issue for the sentencing court to decide.

Nevertheless, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, it appears that Mashni did not file a motion under § 2255 to challenge his conviction as he wishes to do in this application. It also appears that Mashni's application may be untimely. However, the statute of limitations under § 2255 is not a jurisdictional prerequisite and is thus subject to equitable tolling. See Dunlap v. United States, 250 F.3d 1001, 1004-05 (6th Cir.), cert. denied, 534 U.S. 1057 (2001). Therefore, because Mashni may be able to establish a claim for equitable tolling based on other exceptional circumstances, not here shown by petitioner, that would have prevented him from asserting these claims in a timely first § 2255 motion, the Court, although not reaching the merits of the petition, finds that Mashni is entitled, in the interest of justice, to have his application, which is properly construed as a motion under § 2255, transferred to the sentencing court in the United States District Court for the Eastern District of Wisconsin (Milwaukee).

CONCLUSION

For the foregoing reasons, the Court finds that Mashni's application under § 2241 application is in fact an untimely-filed § 2255 motion, which should be dismissed for want of jurisdiction, but instead, shall be transferred to the sentencing court in the United States District Court for the Eastern District of Wisconsin (Milwaukee) for consideration of Mashni's § 2255 challenges and whether Mashni is entitled to equitable tolling.  Mashni's pending motion seeking judicial notice (Docket Entry No. 3) also will be transferred as part of this action.  An appropriate order follows.


                                        **/s/ Dickinson R. Debevoise**
                                        DICKINSON R. DEBEVOISE
                                        United States District Judge

Dated: January 24, 2006